# United States Court of Appeals for the Federal Circuit

2007-1221
(Interference No. 105,455)


IN RE HAROLD R. GARNER,

Appellant.


Anthony A. Tomaselli, Quarles & Brady LLP, of Madison, Wisconsin, argued for appellant.   With him on the brief were Kristin Graham Noel, and Nicholas J. Seay.

Thomas L. Stoll, Associate Solicitor, Solicitor's Office, United States Patent and Trademark Office, of Arlington, Virginia, argued for appellee.  With him on the brief were Stephen Walsh, Acting Solicitor, and Robert J. McManus, Associate Solicitor.

Appealed from:  United States Patent and Trademark Office,
                Board of Patent Appeals and Interferences

# United States Court of Appeals for the Federal Circuit

2007-1221
(Interference No. 105,455)

IN RE HAROLD R. GARNER,

Appellant.

_____

DECIDED: December 5, 2007

_____

Before RADER, SCHALL and MOORE, Circuit Judges.

MOORE, Circuit Judge.

Harold R. Garner (Garner) appeals the December 14, 2006, decision of the United States Patent and Trademark Office Board of Patent Appeals and Interferences (Board), awarding judgment against Garner for failure to make a prima facie showing of priority. Specifically, Garner appeals the Board's ruling on sufficiency and the Board's definition of "new evidence." We affirm.

## BACKGROUND

The interference in question involves U.S. Patent No. 6,480,324, issued to Calvin F. Quate and David Stern (Quate patent), and U.S. Application Serial No. 09/998,341, filed by Garner (Garner application). Quate is the senior party, based on his patent

application's earlier effective filing date.[1]  During the prosecution of the Garner application, the examiner rejected the claims of the Garner application as anticipated by the Quate patent.  To provoke an interference with the Quate patent, Garner amended his application to copy the claims of the Quate patent.[2]  Garner, as the junior party, had the burden of establishing prior invention.  37 C.F.R. § 41.202(d).

Garner attempted to establish priority by showing that he actually reduced to practice an invention within the proposed count before the Quate patent's effective filing date.  To this end, Garner submitted a declaration he executed on November 28, 2001 in the parent application (2001 Garner declaration).  The declaration had originally been submitted under 37 C.F.R. § 1.131 in an attempt to overcome a prior art rejection in the parent application.  The 2001 Garner declaration included:  (i) photographs of a device he allegedly built before the filing date of that prior art reference; and (ii) lab notebook pages that allegedly showed that the device worked.  To corroborate his claim that he had built the device depicted in his photographs, Garner also submitted a one-page declaration of John Fondon, executed on October 20, 2005 (Fondon declaration).

In response to a letter sent by the examiner that his 2001 declaration was "insufficient" to provoke an interference under 37 C.F.R. § 41.202(d) (Rule 202(d)), without any substantive changes, Garner retitled his 2001 Rule 131 declaration to be a

---

[1]  The Quate patent issued from an application filed June 14, 2001, which was a divisional application that claimed priority back to a provisional application filed May 29, 1998.  The Garner application was filed November 29, 2001 and claims priority through two continuing applications to a provisional application filed June 4, 1998.

[2]  The count of the interference is drawn to "an apparatus for catalyzing a reaction on a substrate comprising:  a light source; a computer-controlled micromirror positioned to redirect light from the light source toward the substrate; and a reaction chamber, wherein light redirected by the micromirror catalyzes a chemical reaction proximate the substrate in the reaction."

"Rule 202(d) declaration" re-executed and filed it (2005 Garner declaration). Garner resubmitted the Fondon declaration without change. The Examiner forwarded Garner's request to provoke an interference to the Board.

The Board found Garner's filing insufficient to establish a prima facie showing of priority.[3] Per Rule 202(d), the Board declared an interference and issued an Order to Show Cause why judgment should not be entered against him. In response to the Board's Order to Show Cause, Garner relied on three items that he did not submit in his original Rule 202(d) filing to show priority: (i) a 37 C.F.R. § 1.131 declaration filed on September 2, 2003 in an attempt to overcome a prior art rejection (2003 Garner declaration); (ii) the specification of his provisional application; and (iii) the specification of his utility application.

The Board found that these three items were "new evidence" that is not permitted under Rule 202(d) without a showing of good cause and that Garner had not attempted to show good cause for his belated reliance. Therefore, the Board issued judgment against Garner. Garner appeals the Board's ruling on sufficiency and the Board's definition of "new evidence."

## DISCUSSION

Decisions of the Patent and Trademark Office (PTO) are reviewed in accordance with the Administrative Procedure Act. See Dickinson v. Zurko, 527 U.S. 150, 165 (1999). Thus the Board's factual findings are reviewed to determine whether they are

---

[3] The Board considered the 2001 Garner declaration, the 2005 Garner declaration, and the Fondon declaration.

supported by substantial evidence and the Board's legal conclusions are reviewed de novo. See In re Gartside, 203 F.3d 1305, 1315-16 (Fed. Cir. 2000).

Garner contends that Dethmers Manufacturing, Inc. v. Automatic Equipment Manufacturing Co., 272 F.3d 1365, 1370 (Fed. Cir. 2001), stands for the proposition that this court reviews de novo the PTO's interpretation of its own regulations. Garner is mistaken. We have repeatedly held that "[a]n agency's interpretation of its own regulations is entitled to substantial deference and will be accepted unless it is plainly erroneous or inconsistent with the regulation." Star Fruits S.N.C. v. United States, 393 F.3d 1277, 1282 (Fed. Cir. 2005); see also In re Sullivan, 362 F.3d 1324, 1326 (Fed. Cir. 2004) ("We accept the Board's interpretation of Patent and Trademark Office regulations unless that interpretation is 'plainly erroneous or inconsistent with the regulation.'"); Eli Lilly Co. v. Bd. of Regents of the Univ. of Wash., 334 F.3d 1264, 1266 (Fed. Cir. 2003) ("An agency's interpretation of its own regulations is entitled to substantial deference, and that interpretation will be accepted unless it is plainly erroneous or inconsistent with the regulation.").

Dethmers is not to the contrary. In Dethmers, this court declined to accord deference to the PTO interpretation because this court had already interpreted the reissue regulation in question in two previous cases. 272 F.3d at 1369. Since there has been no previous interpretation of Rule 202(d), this court will review the Board's interpretation to determine whether it is plainly erroneous or inconsistent with the regulation. We will review the Board's ruling on sufficiency to determine whether it is supported by substantial evidence.

II.

First, Garner argues that the Board's interpretation of "new evidence" creates internal inconsistencies within Rule 202. Garner contends that Rule 202 should be interpreted as prohibiting the late filing of newly created evidence only, not evidence that "already existed" and could be found in his application file. In contrast, the PTO contends that the Board's interpretation of "new evidence," namely that the 2003 Garner declaration and the provisional and utility patent specifications are new evidence, is not plainly erroneous or inconsistent with the regulation. In relevant part, 37 C.F.R. § 41.202 states:

> (a) Applicant. An applicant, including a reissue applicant, may suggest an interference with another application or a patent. The suggestion must:
> . . .
> (5) If a claim has been added or amended to provoke an interference, provide a claim chart showing the written description for each claim in the applicant's specification, and
> . . .
> (d) Requirement to show priority under 35 U.S.C. 102 (g).
> . . .
> (2) If an applicant fails to show priority under paragraph (d)(1) of this section, an administrative patent judge may nevertheless declare an interference to place the applicant under an order to show cause why judgment should not be entered against the applicant on priority. <u>New evidence in support of priority will not be admitted except on a showing of good cause</u>. . . .

(emphasis added).

Garner argues the inconsistency generated by the Board's interpretation is apparent when comparing the PTO's instructions regarding the proper application of Rule 202(a)(5) and the Board's definition of "new evidence" in Rule 202(d)(2). Rule 202(a)(5) requires an applicant to "provide a claim chart showing the written description for each claim in the applicant's specification" if a claim has been added or amended to

provoke an interference. The notice of rulemaking issued by the PTO explains that Rule 202(a)(5) is intended to "continue the practice under Rule 633(a) of looking at the applicant's specification to determine the meaning of a copied claim."[4] Rules of Practice Before the Board of Patent Appeals and Interferences, 68 Fed. Reg. 66,648, 66,663 (Nov. 26, 2003). Garner contends under the PTO's interpretation, the Board is expected to consider the specification of the application at issue when evaluating the applicant's claim chart under Rule 202(a)(5) but not when considering the applicant's sufficiency of showing under Rule 202(d), unless the specification was submitted to the PTO as part of the applicant's initial showing.

The PTO counters that there is no inconsistency, arguing that Rule 202(a)(5) pertains to the applicant's written description requirement and Rule 202(d) pertains to the applicant's showing of priority requirement and hence, the two are unrelated. We do not find the PTO's argument persuasive. Both Rule 202(a)(5) and Rule 202(d) address elements an applicant must satisfy to provoke an interference. There is no textual support for reading these two subsections separately for purposes of evidentiary submissions. Indeed, Rule 202(d) restricts the admission of new evidence generally. All of the specific subsidiary requirements the applicant must satisfy to suggest an interference pertain to this ultimate function, and Rule 202(d)'s use of the phrase "in support of priority" does not suggest otherwise. We conclude that the Board's interpretation of "new evidence" is inconsistent with the regulation, as the Board interpreted Rule 202 in a way that requires it to consider the specification under (a), but

---

[4] Rule 633(a) was a predecessor to Rule 202.

not under (d), unless the applicant resubmits the specification.[5]  Since the specifications were already before the Board in the interference proceeding pursuant to Rule 202(a), they cannot be new evidence under Rule 202(d).  Therefore we conclude the Board erred when it found that the specifications constitute "new evidence" under Rule 202(d).

Even with the patent specifications in evidence, Garner failed to establish a prima facie showing of priority.  "In order to establish an actual reduction to practice, the inventor must prove that: (1) he constructed an embodiment or performed a process that met all the limitations of the interference count; and (2) he determined that the invention would work for its intended purpose."  Taskett v. Dentlinger, 344 F.3d 1337, 1340 (Fed. Cir. 2003) (quoting Cooper v. Goldfarb, 154 F.3d 1321, 1327 (Fed. Cir. 1998)).

In addition, an inventor's testimony as to the facts of invention must be corroborated by independent evidence.  Cooper, 154 F.3d at 1330.  "Independent corroboration may consist of testimony of a witness, other than the inventor, to the actual reduction to practice or it may consist of evidence of surrounding facts and circumstances independent of information received from the inventor."  Reese v. Hurst,

---

[5]     The Board's holding that the 2003 Garner declaration constitutes "new evidence" is not plainly erroneous or inconsistent with the regulation.  The Board's interpretation is consistent with the regulation's plain language and the regulatory history of Rule 202.  The latter shows that the rule had been rewritten in 1984 to provide a stricter standard for applicants to supplement their initial prima facie showing.  Rules of Practice Before the Board of Patent Appeals and Interferences, 49 Fed. Reg. 3,768, 3,775 (Jan. 30, 1984) ("The 'good cause' showing . . . would impose a stricter standard. . . . Under current practice, the Board . . . has found that substantial time is lost in issuing orders to show cause based on an inadequate initial showing only to have an adequate showing made with the response to the order to show cause."); see also Rules of Practice Before the Board of Patent Appeals and Interferences, 69 Fed. Reg. 49,960, 49,992 (Aug.12, 2004) (stating that "delay in making the [Rule 202(d)] showing would drag out the pendency of the interference").

661 F.2d 1222, 1225 (CCPA 1981). Sufficiency of corroboration is determined by using a "rule of reason" analysis, under which all pertinent evidence is examined when determining the credibility of an inventor's testimony. See Price v. Symsek, 988 F.2d 1187, 1195 (Fed. Cir. 1993).

Even with the specifications, Garner's submissions to the Board do not sufficiently corroborate his claim of actual reduction to practice. The Fondon declaration states that Fondon saw the device shown in the photographs in Garner's laboratory in November 1997. Fondon does not testify that the device operated or worked for its intended purpose. In fact, Fondon does not indicate that he ever saw the device operate. At most the Fondon declaration corroborates the existence of a device purportedly shown in the photographs.

While "the law does not impose an impossible standard of 'independence' on corroborative evidence by requiring that every point of a reduction to practice be corroborated by evidence having a source totally independent of the inventor . . . [,]" Cooper, 154 F.3d at 1330 (internal citations omitted), corroboration of the existence of the device is not sufficient in this case to establish corroboration of reduction to practice. It is also necessary to corroborate that the device worked for its intended purpose. See Hahn v. Wong, 892 F.2d 1028, 1032 (Fed. Cir. 1989) (stating that "affiants' statements that by a certain date they had 'read and understood' specified pages of [the inventor's] laboratory notebooks did not corroborate a reduction to practice . . . because they established only that those pages existed on a certain date . . . [and] did not independently corroborate the statements made on those pages"). The Board's ultimate holding regarding the insufficiency of the showing is supported by substantial

evidence.  Thus, the Board's failure to consider the specifications amounts to harmless

error.  For the foregoing reasons, the judgment of the Board is

AFFIRMED.