DYK, Circuit Judge,
concurring in part and dissenting in part.
Although I agree with the majority’s resolution of the likelihood of confusion issue on this record, I disagree with the majority’s approval of the flawed process by which the Trademark Trial and Appeal Board (“Board”) reached its decision. The majority’s holdings that Nestle had no duty to produce the evidence on which it intended to rely during discovery, and that Midwestern’s failure to file a motion to compel barred it from objecting to the admission of that evidence are incorrect and conflict with the advisory committee notes and with decisions interpreting the Federal Rules of Civil Procedure, which have been adopted for Board proceedings. I respectfully dissent from part II of the majority’s opinion.
During discovery in this case, Midwestern requested that Nestle produce a broad *1055 range of documents, including “[a]ll documents ... which [Nestle] may rely upon to support its claims or defenses in connection with the [ ] proceeding.”[1] J.A. 1198. On December 16, 2005, Nestle responded to Midwestern’s discovery request, refusing to produce the documents and objecting as follows:
[Nestle] objects to this request to the extent it seeks information and/or documents which are proprietary and confidential prior to entry of a suitable protective order. [Nestle] objects to this request to the extent it seeks information and/or documents which are protected by the attorney client privilege and/or work product doctrine. [Nestle] objects to the request as overbroad and unduly burdensome.... [Nestle] further objects to the request to the extent it seeks information and/or documents which are inconsistent with the holding of Charrette Corp. v. Bowater Communication Papers, Inc., 13 U.S.P.Q.2d 2040 (TTAB 1989).
J.A. 1198-99.
I
Relying on Charrette Corp. v. Bowater Communication Papers Inc., 13 U.S.P.Q.2d 2040 (T.T.A.B.1989), and its progeny, the majority holds that in Board proceedings there is no obligation to specify the documents on which a party intends to rely prior to trial, Majority Op. at 1050. However, in 1972, the Federal Rules of Civil Procedure (with exceptions not relevant here) were adopted to govern discovery in opposition proceedings before the Board. See Trademark Inter Partes Procedure, 37 Fed.Reg. 7605, 7605-06 (Apr. 18, 1972) (codified at 37 C.F.R. § 2.120). The Federal Rules of Civil Procedure were again adopted in 1998, though exempting Board proceedings from the automatic disclosure requirements of Rule 26(a)(1), which had been added to the federal rules in 1993. See Miscellaneous Changes to Trademark Trial and Appeal Board Rules, 63 Fed.Reg. 48,081, 48,098 (Sept. 9, 1998).
The central purpose of the federal discovery rules is to avoid surprise at trial. Those rules are designed to “make a trial less a game of blind man’s bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent.” United States v. Procter & Gamble Co., 356 U.S. 677, 682, 78 S.Ct. 983, 2 L.Ed.2d 1077 (1958) (citing Hickman v. Taylor, 329 U.S. 495, 501, 67 S.Ct. 385, 91 L.Ed. 451 (1947)). Under the federal rules, it has always been permissible to request the production of documents that a party intends to rely upon during trial. See 8 Charles Alan Wright et al., Federal Practice and Procedure § 2001 (3d ed.2011) (noting that one of the primary purposes of discovery was “[t]o secure information about the existence of evidence that may be used at the trial and to ascertain how and from whom it may be procured”). Indeed such requests have been routine. In my view, Charrette and its progeny plainly conflict with the central purpose of the Federal Rules of Civil Procedure governing discovery (applicable to Board proceedings pursuant to 37 C.F.R. § 2.120), and it is telling that the Board here did not rely on Charrette to justify its evidentiary rulings in this case.
To be sure, prior to 2007, “[t]he provisions of the Federal Rules of Civil Procedure relating to automatic disclosure ... [were] not applicable to Board proceed *1056 ings.” Miscellaneous Changes to Trademark Trial and Appeal Board Rules, 63 Fed.Reg. at 48,098. Under Federal Rule of Civil Procedure 26(a), parties are required to provide “without awaiting a discovery request,” inter alia, “the name ... of each individual likely to have discoverable information ... that the disclosing party may use to support its claims or defenses ... [and] a copy ... of all documents, electronically stored information, and tangible things that the disclosing party ... may use to support its claims or defenses.” Fed.R.Civ.P. 26(a)(1)(A) (emphasis added).
In 2007, the Board adopted the automatic disclosure requirement, concluding that doing so “will promote more efficient discovery and trial, reduce incidents of unfair surprise, and increase the likelihood of fair disposition of the parties’ claims and defenses.” Miscellaneous Changes to Trademark Trial and Appeal Board Rules, 72 Fed.Reg. 42,242, 42,244 (Aug. 1, 2007). As the majority points out, the 2007 amendment does not apply here because this case was filed in 2005, before the effective date of the amendment. But the fact that the Board had not yet adopted the automatic disclosure requirement at the time this case was filed does nothing to undermine the fact that a party is required, under the pre-2007 document production provisions, to produce the documents on which it intends to rely if so requested during discovery. The 2007 amendment does no more than emphasize the importance of avoiding surprise in Board proceedings by requiring parties to automatically produce the documents on which they intend to rely “without awaiting a discovery request.”
II
The sole ground for the Board’s decision refusing to sanction Nestle for failing to supplement its response to Midwestern’s discovery requests was that Midwestern, “having failed to [move to compel], ha[d] waived its right to object to such testimony and evidence on the ground that it was not produced during discovery.” J.A. 15. The majority approves this rationale, holding that “in view of Midwestern’s failure to test the sufficiency of Nestle’s objections to the discovery requests by moving to compel the production of the requested materials, ... the Board did not abuse its discretion by refusing to strike Nestle’s evidence.” Majority Op. at 1051-52. While both the federal rules (before the automatic disclosure requirement)[2] and the Board’s own rules[3] required a motion to compel as a prerequisite for sanctions for failure to comply with an initial discovery request, there is no such obligation for failure to supplement responses to discov *1057 ery requests under Federal Rule of Civil Procedure 26(e).
Rule 26(e) is applicable to the proceeding in this case pursuant to 37 C.F.R. § 2.120. See Trademark Trial and Appeal Board Manual of Procedure (“TBMP”) § 408.03 (3d ed. 2011) (“The duty to supplement disclosures and discovery responses in proceedings before the Board is governed by Fed.R.Civ.P. 26(e)(1) and (2). Under that rule, a party that ... has responded to a request for discovery with a response is under a duty to supplement or correct the response in a timely manner. ...”). Rule 26(e) requires timely supplementation without a motion. It provides that “[a] party who has ... responded to an interrogatory, request for production, or request for admission [] must supplement or correct its disclosure or response ... in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.” Fed.R.Civ.P. 26(e)(1). Other circuits have repeatedly held that “Rule 26 imposes no requirement, express or implied, that a motion to compel precede a court’s imposition of a sanction ... for failure to supplement [discovery] responses.” Alldread v. City of Grenada, 988 F.2d 1425, 1436 (5th Cir.1993).[4] The Board, in adopting the federal rules, recognized that it was to be “guided by court decisions interpreting these rules.” Miscellaneous Changes to Trademark Trial and Appeal Board Rules, 63 Fed.Reg. at 48,084.
The majority relies on TBMP § 523.04 which states that where a party “fails to file a motion to challenge the sufficiency of the response [to its discovery request], it may not thereafter be heard to complain about the sufficiency thereof.” It is far from clear whether this provision was designed to deal with the supplementation requirement, or whether it was limited to deal with the failure to provide initial responses. In any event, unlike the regulations, this section of the TBMP does not have the force and effect of law. See In re Pennington Seed, Inc., 466 F.3d 1053, 1059 (Fed.Cir.2006) (holding that the Trademark Manual of Examining Procedure (“TMEP”) “does not have the force and effect of law”). In the past, we have declined to follow provisions of the TMEP where we conclude that they are incorrect. See, e.g., In re Sones, 590 F.3d 1282, 1288 (Fed.Cir.2009). Even assuming we owed some deference to the Board’s interpretation of an ambiguous rule, see In re Garner, 508 F.3d 1376, 1378-79 (Fed.Cir.2007), here at the time that Rule 26(e), governing supplementation of discovery responses, was adopted in 1972 by the Board, it was quite clear that sanctions could be imposed without a motion to compel a court order. As the advisory committee note to the 1970 amendment of Rule 26(e) stated, “[t]he duty [to supplement] will normally *1058 be enforced ... through sanctions imposed by the trial court, including exclusion of evidence, continuance, or other action, as the court may deem appropriate.” Fed.R.Civ.P. 26 advisory committee note (1970 amendment). When the federal rules were again adopted by the Board in 1998, judicial decisions (discussed above) had confirmed that a motion to compel was not required to impose sanctions for failure to comply with Rule 26(e).
“[Wjhenever [one jurisdiction] ... has borrowed from the statutes of a [second jurisdiction] provisions which had received in that [second jurisdiction] a known and settled construction ..., that construction must be deemed to have been adopted by [the first jurisdiction] together with the text which it expounded, and the provisions must be construed as they were understood at the time in the [second jurisdiction].” Shannon v. United States, 512 U.S. 573, 581, 114 S.Ct. 2419, 129 L.Ed.2d 459 (1994) (quoting Capital Traction Co. v. Hof, 174 U.S. 1, 36, 19 S.Ct. 580, 43 L.Ed. 873 (1899)). Having adopted Rule 26(e), the Board was obliged to adhere to the interpretation given to the rule in the advisory committee note. The TBMP interpretation is contrary to the established view at the time that the Board adopted the federal rules in 1972 that a motion to compel is not required and that sanctions may be imposed for non-compliance. The TBMP interpretation is also contrary to federal court decisions existing at the time of the 1998 re-adoption of Rule 26(e). In my view, the majority’s treatment of this issue is also inconsistent with basic principles of fundamental fairness in Board proceedings and invites the making of frivolous objections.
On the facts of this case, Nestle plainly did not comply with its supplementation obligations under the federal rules. The objections here, whatever their initial validity, were improper once Nestle determined to use the documents at the hearing. A protective order was issued on March 14, 2006, thus rendering moot Nestle’s confidentiality objection. Nestle’s objections based on privilege and over-breadth became frivolous when Nestle decided to use documents responsive to Midwestern’s production requests at the hearing. Nor could Nestle wait until the hearing to produce the documents. The federal rules are “not an invitation to hold back material items and disclose them at the last moment.” 8A Wright et al., supra, § 2049.1. Sanctions for the failure to make supplemental discovery under such circumstances are routine. See Thibeault v. Square D Co., 960 F.2d 239, 245 (1st Cir.1992) (“[A] district court confronted with a violation of Rule 26(e) can fashion an appropriate sanction from a wide range of options. Preclusion is one of these options.”).
Accordingly, because Midwestern’s request that Nestle produce the documents on which it intended to rely was proper, and because Nestle had an affirmative obligation under Rule 26(e) to supplement its responses to Midwestern’s discovery requests even in the absence of Midwestern having moved to compel such responses, I respectfully dissent. I would remand this case to the Board for consideration of whether the exclusion of Nestle’s evidence was an appropriate discovery sanction or whether some other sanction would have been appropriate. See Fed.R.Civ.P. 37(c).

. Midwestern also requested production of documents relating to advertisement, promotion, sale, and marketing of products bearing Nestle’s BEGGIN’ STRIPS mark, to which the withheld documents were also likely responsive. See J.A. 1191-96 (interrogatory requests 6, 7, 8, 11 and 12).

. See Fed.R.Civ.P. 37(a)(3)(B) ("A party seeking discovery may move for an order compelling an answer, designation, production, or inspection ... if ... a party fails to respond that inspection will be permitted — or fails to permit inspection — as requested under Rule 34.” (emphasis added)); Fed.R.Civ.P. 37(b)(2) ("If a party ... fails to obey an order to provide or permit discovery, ... the court where the action is pending may issue further just orders.”)

. See Trademark Inter Partes Procedure, 37 Fed.Reg. at 7607 ("If any party ... fails or refuses to comply with a request to produce and permit the inspection and copying of designated things, the party seeking discovery may apply to the [Board] for an order compelling discovery. If a party ... fails to obey an order to provide or permit discovery, the [Board] may [issue sanctions].”); see also Miscellaneous Changes to Trademark Trial and Appeal Board Rules, 63 Fed.Reg. at 48,-098 ("If a party fails to comply with an order of the [Board] relating to discovery, ... the Board may make any appropriate order, including any of the orders provided in Rule 37(b)(2) of the Federal Rules of Civil Procedure. ...”).

. See Toth v. Grand Trunk R.R., 306 F.3d 335, 344 (6th Cir.2002) (“[T]he district court was incorrect that it lacked the authority [under Rule 37(c) ] to sanction defendants in the absence of a court order.”); Thibeault v. Square D Co., 960 F.2d 239, 245 (1st Cir.1992) ("While Fed.R.Civ.P. 37(b) requires that a court order must be in effect, and then violated, as a prerequisite for the imposition of sanctions thereunder, no such requirement exists under Rule 26(e). The rule itself furnishes fair warning. Thus, when Rule 26(e) is flouted, district courts possess the power to impose sanctions without first issuing a firm discovery deadline or an admonitory order.” (internal citations omitted)); see also 8A Wright et al., supra, § 2050 (“[T]here is no need for an order compelling discovery as a prerequisite to imposition of sanctions for failure to supplement as required by Rule 26(e).”).